## LOBEL v. COSSEY.

(Circuit Court of Appeals, Second Circuit. November 7, 1907.)

### No. 28.

WITNESSES—INTERFERENCE PROCEEDING BEFORE PATENT OFFICE—POWER OF COURT TO COMPEL ATTENDANCE BEFORE EXAMINER.

A party to an interference proceeding before the Patent Office, who appeared before a commissioner and testified in his own behalf, cannot, by obtaining the consent of the other party to adjournments until it is too late to enforce his attendance by a subpœna within the time limited by the Commissioner of Patents for closing the testimony, and then refusing to

further appear, deprive the other party of his right to cross-examine, and the Circuit Court, on proper application therefor, may make an order requiring him to appear thereafter for further cross-examination, and enforce obedience thereto by proceedings for contempt.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, §§ 38, 967.]

In Error to the Circuit Court of the United States for the Southern District of New York.

On writ of error to review an order of the Circuit Court for the Southern District of New York, dated November 26, 1906, holding the plaintiff in error in contempt of court for failing to appear on June 27, 1906, as directed, and continue his cross-examination in an interference proceeding then pending in the Patent Office.

William A. Megrath, for plaintiff in error.
Reginald H. E. Starr, for defendant in error.

Before COXE, WARD, and NOYES, Circuit Judges.

COXE, Circuit Judge. In an interference proceeding between these parties the Commissioner of Patents, by virtue of the authority vested in him by law, fixed the time in which the parties were required to take testimony as follows: Lobel was to close his testimony May 22, 1906; Cossey's rebuttal was to close June 6, and the final hearing was to be July 6, 1906. Lobel was produced as a witness in his own behalf on May 21st, his direct examination was concluded and he was handed over for cross-examination to Cossey's counsel and was examined by him until the midday recess on the 22d of May, which was Tuesday. On reconvening in the afternoon counsel for Lobel asked for a few days' adjournment, which was granted, and the hearing was set for Friday of the same week. On that day, at the earnest solicitation of Lobel's general attorney, his counsel having withdrawn from the case, the proceedings were again adjourned until Monday, the 28th of May, and again until May 31st. New counsel having been secured, a further adjournment was had until June 4th, when counsel announced that no further testimony would be taken on behalf of Lobel who would stand on his record date. Counsel also stated that he would not produce Lobel before the examiner or consent to his being cross-examined further.

Thereafter, Lobel, having failed to appear before the clerk of the Circuit Court to continue his cross-examination, after having been duly summoned to do so, the order punishing him for contempt, which is now under review, was made by the Circuit Court. It will thus be seen that Lobel was not produced as a witness until the last day, but one, for taking his testimony, but even so, a full day remained for cross-examination.

Making every allowance for the proverbial prolixity of examinations in patent cases, there was, it would seem, ample time to have concluded the testimony on the 22d had not Lobel, through his counsel, requested an adjournment. It was this request of Lobel, consented to by Cossey, which carried the cross-examination beyond the time fixed for the conclusion of Lobel's testimony.

That this act of courtesy on the part of Cossey should be so interpreted as to deprive him of a substantial right does not commend itself to the conscience of the court. Moreover, it must be remembered that though Lobel's time to take testimony closed on the 22d of May, Cossey's time did not expire until the 6th of June, and, even upon the strictest construction which can be placed upon the Commissioner's assignment of time, the parties had it in their power by agreement among themselves to divide the time remaining in any way they saw fit.

It will hardly be contended, if Lobel had appeared on May 25th, pursuant to agreement, that his cross-examination could not have proceeded legally. If on that day he had announced his refusal to be cross-examined there would have been ample time to procure an order compelling his attendance before the time for taking the testimony had expired. It was not, however, until June 4th that Cossey's counsel, having in the meantime consented to four adjournments, was informed that Lobel declined to be cross-examined further. It was then too late to proceed within the assigned time as but two days remained. Thus, if Lobel's contention be sustained, he has, by persistently securing adjournments for his own convenience, deprived Cossey of a substantial right, the exercise of which he postponed for the accommodation and at the request of Lobel.

We cannot accede to the proposition that the law is powerless to grant a remedy in such circumstances. We think the counsel for the plaintiff in error lays too much stress upon the importance of the practice rules designed to facilitate the proceedings before the Commissioner of Patents. These rules are undoubtedly necessary for the orderly disposition of cases pending in the Patent Office, but they do not confer upon the Commissioner, authority to deal with a witness in the Southern District of New York, or prevent the Circuit Court, having once obtained jurisdiction of a witness, from seeing to it that he obeys the orders of the court. This is not the case of a witness subpoenaed after the time for taking testimony has expired. It is the case of a party to a proceeding who, after testifying to facts favorable to his side of the controversy, refuses to submit to cross-examination.

The moment Lobel went upon the witness stand he placed himself within the jurisdiction of the Circuit Court and he so remained until his cross-examination was concluded.

We are of the opinion that Cossey has an undoubted right to cross-examine Lobel which right became vested during the continuance of the time fixed by the Commissioner of Patents, and that the Circuit Court had jurisdiction to enforce the right, notwithstanding the fact that the time had expired when the authority of the court was invoked. The order is affirmed, with costs.